UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
CAMILLIA FERNANDEZ on behalf of herself
and all others similarly situated

                                  Plaintiff,

    -against-

MERCANTILE ADJUSTMENT BUREAU, LLC

                               Defendant.
---------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 02 2006 ★

LONG ISLAND OFFICE

CV-06 2758

TOWNES, J.
MATSUMOTO, M.J.

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff seeks redress for the illegal practices of Mercantile Adjustment Bureau, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Resurgent Capital Services.

4. Upon information and belief, defendant is a New York corporation.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

1

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Camillia Fernandez*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about February 6, 2006 defendant sent the plaintiff an initial collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in pertinent part as follows: "We are authorized to settle this account for reduced amount. This offer is good for a limited time only. Full payment must be received on or before 02-17-06. Contact our office or send payment immediately to take advantage of this limited time offer!"

12. The least sophisticated consumer may and/or will pay the settlement rather than risking losing the settlement and disputing and seek verification.

13. Said language contradicts the plaintiff's right to dispute the debt for the initial thirty day period in violation of 15 U.S.C. §§ 1692g and 1692e(10).

14. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692e(10) for engaging in a deceptive practice.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

15. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-14 as if set forth fully in this Cause of Action.

16. This count is brought on behalf of plaintiff and the members of a class.

17. The Class consists of consumers who received the same form letter, as did the plaintiff.

18. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about February 6, 2006 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a debt owed to Resurgent Capital Services or all creditors of New York residents depending upon numerosity; and (c) the collection letter was not returned by the postal service as undelivered (c) and that the letter contained violations of 15 U.S.C. § 1692e(10) and 1692g.

19. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C)    The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D)    The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)    The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

20.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

21.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

22.    Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

23.    The defendant's actions violate the Fair Debt Collection Practices Act.

24. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) A declaratory judgment that the defendant has violated the FDCPA.

(d) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
May 24, 2006

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone (516) 791-4400
Facsimile (516) 791-4400

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

5

**MERCANTILE**
*Innovation Solutions. Exceptional Results*

P.O. Box 9315A
Rochester, NY 14604-0090
6938086
Forwarding and address correction requested.

| ACCOUNT NUMBER | REFERENCE NUMBER |
|---|---|
| 145115906 | 6938086 |

**AMOUNT ENCLOSED**
$

**MAKE CHECK PAYABLE TO:**
Mercantile Adjustment Bureau, LLC
P.O. Box 9315A
Rochester, New York 14604

CAMILLIA FERNANDEZ
11412 203RD ST
SAINT ALBANS, NY 11412-2815

---

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

Mercantile Adjustment Bureau, LLC
P.O. Box 9315A
Rochester, New York 14604

ACCOUNT NO.  145115906
REFERENCE NO.  6938086
NYC Department of Consumer Affairs Licenses
#1113041 & 1108646

02-06-06

CAMILLIA FERNANDEZ
11412 203RD ST
SAINT ALBANS, NY 11412-2815

Your account with RESURGENT CAPITAL SERVICES-SEPT has been listed with our office for collection. The balance due is $505.26.

Please be advised that our client has authorized us to offer you substantial savings to settle this account. We are authorized to settle this account for reduced amount. This offer is good for a limited time only. Full payment of $161.68 must be received on or before 02-17-06.

Contact our office or send payment immediately to take advantage of this limited time offer!

Respectfully,

*J Dial*

J Dial
Mercantile Adjustment Bureau, LLC
P.O. Box 9315A
Rochester, NY 14604
1-877-230-8414

THERE WILL BE A $20.00 FEE ADDED ON ALL RETURNED CHECKS.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**
**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.